**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:14-cr-00249-APG-PAL |
| ) | **ORDER** |
| vs. ) | |
| WEI SENG PHUA, et al., ) | |
| Defendants. ) | |

This matter is before the Court on Defendants Wei Seng "Paul" Phua and Darren Wai Kit Phua's ("defendants") Joint Motion to Modify Conditions of Pretrial Release (doc. # 371), filed December 18, 2014, the government's opposition (doc. # 394), filed January 5, 2015, and defendants' reply (doc. # 395), filed January 6, 2015.

Defendants move the Court to modify a condition of their pretrial release, specifically, the condition that prevents defendants "from gambling or entering any establishment whose primary business involves gambling activities" to allow defendants to shop, eat, attend shows, and play poker at the casinos. Doc. # 371 at 5 (citing pretrial release order). The government, in opposition, asks this Court to deny defendants' motion because: (1) defendants are charged with crimes connected to unlawful gaming activities on casino premises; (2) the gambling prohibition is reasonably tailored, serves a specific purpose, and defendants fail to establish the condition is unduly restrictive; (3) defendants fail to articulate a sufficient statutory basis for modification, especially since there has been no change in circumstances since the condition at issue was fashioned at the detention hearing; and (4) while defendants' request is premised on the notion that they require more freedom to shop, eat, and attend shows purportedly all housed in casinos, there are a plethora of stores, restaurants, and shows accessible to defendants without them having to enter any casino.

In reply, defendants argue the government's factual recitation is irrelevant and its citation of 18 U.S.C. § 3142(f) is incorrect because the proper legal basis for modifying court-ordered conditions is 18 U.S.C. § 3142(c)(3). Thus, defendants argue they do not have to prove that new information exists that was unavailable at the time of the detention hearing, or prove this new information is material to release conditions regarding flight or dangerousness. Defendants add that the requested modification will not impact concerns of flight or danger to the community.

The Bail Reform Act of 1984 ("Act"), 18 U.S.C. § 3141, et seq., requires the release of a defendant facing trial under the least restrictive condition, or combination of conditions, that would reasonably assure his or her appearance at trial and the safety of the community. See United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991). A magistrate judge has the authority to modify pretrial release conditions while remaining mindful that such conditions continue to satisfy the goals of the Act to reasonably assure a defendant's appearance at his or her trial and the safety of the community. See 18 U.S.C. § 3142(f) to (g); 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release."); 28 U.S.C. § 636(a)(2) (magistrate judge is empowered to "issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial"). In ensuring that the goals of the Act are satisfied, a magistrate judge is guided by 18 U.S.C. § 3142(f), which requires a defendant to establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her release conditions regarding flight or dangerousness. 18 U.S.C. § 3142(f).

Contrary to defendants' assertions, the government's factual support and reliance on 18 U.S.C. § 3142(f) are justified because this Court must consider whether new information exists that was not previously known or presented at the detention hearing to determine whether to modify the pretrial release condition at issue. Because defendants present nothing new or material apart from the notion that they require more places to shop, eat, attend shows, and play poker, this Court finds no basis to grant defendants' request. Indeed, this Court agrees with the government that a plethora of stores, restaurants, and shows are accessible to defendants without them having to enter a casino, and defendants fail to establish that the condition at issue is unduly restrictive. The nature of the charged

1  crimes, along with defendants' failure to articulate a sufficient statutory basis for modification, further
2  supports denial of defendants' motion.  Moreover, defendants' factually unsupported assertions to
3  modify the condition at issue do not overcome the Court's concerns regarding the safety of members
4  of this district's community.  Specifically, defendants are charged with crimes involving unlawful
5  gaming activities at casinos.  The circumstances of this charge evince a risk of danger to the
6  community, particularly casinos, arising from defendants' alleged conduct in operating illegal gaming
7  activities at casino premises.  Indeed, the risk of danger posed by defendants' release led this Court
8  to set a condition that directly addresses it.  That condition also provides some assurance that
9  defendants will remain mindful of, and therefore be more likely to abide by, the condition that they
10  refrain from new criminal activity and reminds them to appear for court proceedings. Given such, this
11  Court denies the requested modification.

Accordingly, **IT IS HEREBY ORDERED** that defendant's Joint Motion to Modify Conditions of Pretrial Release (doc. # 371) is **denied**.

DATED: January 8, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**